# In the United States Court of Federal Claims

No. 09-663
(Filed: March 12, 2010)
(Not for Publication)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LAURA COLOM, GUILLERMO COLOM, AND L&W CREATIONS, INC., | * * * |
| Plaintiffs, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**WILLIAMS**, Judge

This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(7) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, Defendant's motion is granted, and Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.

### **Background**[1]

On October 6, 2009, Plaintiffs, Laura and Guillermo Colom, filed a complaint in this Court asserting claims for breach of contract against Defendant. Plaintiffs operate L&W Creations, Inc., a home decor and accessories store at Fort Benning in Columbus, Georgia. Compl. ¶¶ 1, 6. Laura Colom is also the co-owner, together with non-party Melinda Baldwin, of The Urban Wear Store. Compl. ¶¶ 1, 15.

Plaintiffs operated L&W Creations at Fort Benning pursuant to a two-year contract (SDVC 07-023-07-414) with the Army and Air Force Exchange Service ("AAFES"). Compl. Ex. 2. Plaintiffs alleged that the AAFES breached the contract "by deliberately moving Plaintiff's store to the dead zone where there was no retail traffic, refusing to do advertising and marketing." Compl. ¶ 17. Based upon this circumstance,

---

[1] This background is derived from Plaintiffs' complaint, and the parties' papers on Defendant's motion to dismiss.

Plaintiffs posited that their contract was wrongfully terminated. Compl. ¶ 14. Plaintiffs also asserted that Defendant breached an "express and implied" contract for the operation of The Urban Wear Store. Compl. ¶ 37. Plaintiffs argued that Defendant's breaches caused Plaintiffs to lose profits at both stores. Compl. ¶¶ 32, 39.

On December 7, 2009, Defendant moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, and for failure to join a party under RCFC 19. Def. Mot. to Dismiss at 1. Defendant argued that Plaintiffs did not follow the procedures set forth in the Contract Disputes Act, 41 U.S.C. § 605(a)-(c), before filing the instant action. Id. at 6-7. Defendant also argued that Count II of Plaintiffs' complaint, regarding The Urban Wear Store, should be dismissed because Plaintiffs did not join the store's co-owner, Melinda Baldwin, who, in Defendant's view, is an indispensible party under RCFC 19. Id. at 7-8.

On January 7, 2010, Plaintiffs filed a motion to stay and to schedule alternative dispute resolution. On February 4, 2010, the Court denied Plaintiffs' motion and ordered Plaintiffs to respond to Defendant's motion to dismiss.

On February 18, 2010, Plaintiffs responded to Defendant's motion. Plaintiffs argued that Defendant was on notice of requests and complaints regarding the operations of the Coloms' stores. In their response, Plaintiffs referenced several inquiries that the Coloms allegedly submitted to base officials regarding proposed radio advertisements for L&W Creations. Pls.' Resp. at 1-2, Ex. A-F. Plaintiffs did not attach evidence of these inquiries to their complaint. The inquiries were requests for radio advertisements and notifications of marketing promotions that were faxed to "Victoria and Trisha" from Laura Colom. See, e.g., id. Ex A-C, E, F. According to the complaint, the contracting officers for the contracts were Karen Skinner and Kay Dunbar. Compl. Ex. 1, 2. One of the facsimiles sent by Ms. Colom to "Victoria and Trisha" referenced outstanding requests for radio advertisements, and requested that their previous requests be "acknowledge[d]." Pls.' Resp. Ex. D.

In their response, Plaintiffs admitted that the manner by which they lodged their complaints with the AAFES may not have been in the "correct format," but that any procedural defect amounted to "harmless error," and argued that the Court should permit the action to proceed. Id. at 2-4.

## Discussion

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act provides, in relevant part, that "[t]he Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract." 28 U.S.C. § 1491(a)(2). Before the Court's jurisdiction vests, however, the CDA requires that the contractor submit a claim in writing to the contracting officer, and that the contracting officer render a final decision.

England v. The Swanson Group, 353 F.3d 1375, 1379 (Fed. Cir. 2004) (referring to these CDA provisions as "'jurisdictional prerequisites'") (quoting Sharman Co. v. United States, 2 F.3d 1564, 1569 n.6 (Fed. Cir. 1993) overruled on other grounds by Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995) (en banc)); 41 U.S.C. § 605(a). The FAR defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 2.101.

If the Court finds that it does not have jurisdiction under RCFC 12(b)(1), it must dismiss the case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause.'") (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)). In ruling on a motion to dismiss, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); see Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1951 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity . . . ."). When the motion is made under RCFC 12(b)(1), the plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs' complaint asserts claims for breach of contract relating to the allegedly wrongful termination of service contracts with the AAFES. Compl. ¶¶ 21-27, 30, 37. Plaintiffs have not demonstrated that they ever submitted a claim, in writing, to the contracting officer regarding the termination of their contracts. Indeed, Plaintiffs concede that their inquiries were not in accordance with the CDA, and acknowledge that they were "not aware" of the Court's jurisdictional requirements. Pls.' Resp. to Mot. to Dismiss at 2. Even construed liberally, Plaintiffs' alleged communications regarding proposed radio advertisements for the stores, and inquiries about the status of outstanding advertising requests are not claims under the CDA.[2] Furthermore, all of these inquiries seem to have been sent before the AAFES terminated the contract, and were sent to persons other than the contracting officer.

Because Plaintiffs failed to submit their claims to the contracting officer, and ipso facto, the contracting officer was not given an opportunity to address these claims, the Court lacks jurisdiction. See United Constructors, LLC v. United States, No. 08-757C, 2009 WL 875358, *1, *8 (Fed. Cl. Mar. 27, 2009) (dismissing claims without prejudice because "no proper CDA claims were presented to the contracting officer"); Amtec Corp. v. United States, 69 Fed. Cl. 79, 84 (2005), aff'd, 239 Fed. Appx. 585 (Fed. Cir. 2007) (dismissing an action without prejudice because "[a] final decision of a contracting officer is a prerequisite for bringing an appeal to this Court"). Without jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the

---

[2] Even the facsimile requesting that their previous requests be "acknowledged" did not seek, as a matter of right, any relief under the contract.

3

cause." Citizens for a Better Env't, 523 U.S. at 94 (quoting Ex parte McCardle, 74 U.S. (7 Wall). at 514).

      Accordingly, Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

                                  s/Mary Ellen Coster Williams
                                  **MARY ELLEN COSTER WILLIAMS**
                                  **Judge**